UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUIS ALBERTO SALGADO-PENA,

          Petitioner,

    v.

WARDEN, EVERGLADES
DETENTION FACILITY, U.S
ATTORNEY GENERAL,

          Respondents.

Case No. 2:26-cv-1003-KCD-DNF

_____/

## **ORDER**

Petitioner Luis Alberto Salgado-Pena filed a pro se habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] As best the Court can tell, he claims that his continued detention violates the Fifth Amendment. (*Id.* at 3, 7-8.) Respondents oppose the petition. (Doc. 21.) For the reasons below, the petition is **DENIED**.

## **I. Background**

Salgado-Pena illegally entered the United States at an unknown date and time. (Doc. 21-1 at 2.) He was removed from the United States in 2017 under final order of removal. (Docs. 21-3, 24-1.) He returned in 2021, was stopped at the border, and his previous removal order was reinstated. (Doc.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

21-8.) He was not deported but instead granted release on supervision for medical reasons. (Doc. 21-10.)

On October 20, 2025, ICE encountered Salgado-Pena at a scheduled non-detain check-in. (Doc. 21-1 at 2.) He was served with a notice of revocation of release and taken into custody. (*Id.*; Doc. 21-11.) On December 12, 2025, ICE served him with a Notice of Removal to Mexico. (Doc. 21-12.) Days later, ICE also served a warrant of removal/deportation. (Doc. 21-13.) On February 9, 2026, ICE attempted to remove Salgado-Pena to a third country, Mexico, but he refused. (Doc. 21-14.)

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

### III. Discussion

The statutory framework for removal works like this: when a noncitizen's removal order becomes final, like here, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the noncitizen is still here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

But as the Supreme Court explained in *Zadvydas v. Davis*, the authority to detain does not stretch into infinity. To avoid serious constitutional problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal. 533 U.S. 678 (2001). And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must

provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Applied here, Salgado-Pena cannot satisfy the initial temporal requirement. True, ICE took him into custody on October 20, 2025, which is beyond six months. But on February 9, 2026, Salgado-Pena refused removal to Mexico, which tolls the detention period. (Doc. 21-14 ¶ 8); *see Akinwale*, 287 F.3d at 1052 n.4 (stating that "removal period shall be extended ... if the alien ... acts to prevent the alien's removal subject to an order of removal"); *Quo Zing Song v. U.S. Atty. Gen.*, 516 F. App'x 894, 899 (11th Cir. 2013) ("The six-month period is tolled, however, if the alien acts to prevent his removal."). Thus, Salgado-Pena's challenge to his continued detention fails and he remains within the window in which his detention is presumptively reasonable. *See, e.g., Grigorian v. Bondi*, Case No. 25-CV-22914-RAR, 2025 WL 1895479, at *8 (S.D. Fla. July 8, 2025); *Lopez v. Dir. of Enf't and Removal Operations*, Case No. 3:25-cv-1313-JEP-SJH, 2026 WL 261938, at *12 (M.D. Fla. Jan. 26, 2026); *Guerra-Castro v. Parra*, Case No. 25-cv-22487-GAYLES, 2025 WL 1984300 at *4 (S.D. Fla. July 17, 2025) (finding habeas petition "premature" because "Petitioner has not been detained for more than six months").

Salgado-Pena also argues that his due process rights have been violated because he has not been provided a bond hearing under § 1226. (Doc.

4

1 at 3.) Not so. Because he is subject to a final removal order, Salgado-Pena's detention is governed by § 1231. He is thus not entitled to release, a bond hearing, or any other habeas relief based on the claims asserted in his habeas petition. And his detention does not run afoul of the due process clause because he legally has been detained since February 9, 2026.

## IV. Conclusion

Salgado-Pena's due process claim under *Zadvydas* fails, so the habeas petition is **DENIED WITHOUT PREJUDICE** to him refiling a new petition should his current detention (which is not impeded) extent beyond the six month mark, and he can demonstrate there is no significant likelihood of removal in the reasonably foreseeable future. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on April 29, 2026.

Kyle C. Dudek
United States District Judge

5